# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN,<br><br>　　　　　　Petitioner,<br>　vs.<br><br>A. HEDGPETH, Warden, et al.,<br><br>　　　　　　Respondent. | CASE NO. 09cv2506-LAB (WVG)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; AND**<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

　　　　On November 5, 2009, Petitioner, a prisoner in state custody proceeding *pro se*, filed a petition for writ of habeas corpus (the "Petition") pursuant to 28 U.S.C. § 2254. On November 20, the Court issued a notice informing Petitioner of the possibility that he had failed to exhaust his claims, and warning him about AEDPA's one-year limitations period under 28 U.S.C. § 2244(d). The Petition was referred to Magistrate Judge William Gallo for report and recommendation pursuant to 28 U.S.C. § 636 and Civil Local Rule 72.1(d). The essence of Petitioner's claims is that the prosecutor withheld exculpatory evidence and his counsel was ineffective in failing to obtain it.

　　　　Respondent filed an answer, contending Petitioner had not exhausted his claims. Petitioner filed no traverse. Judge Gallo then issued his report and recommendation (the "R&R"), finding Petitioner had not exhausted his claims and therefore recommending denial of the petition. The R&R ordered that any objections to the R&R be filed by July 21, 2010

and any replies by August 6. Petitioner filed objections on July 9. Because it is clear the petition must be denied, no reply from Respondent is needed and the Court is prepared to rule on the petition.

The district court has jurisdiction to review the magistrate judge's report and recommendation concerning a dispositive pretrial motion. Fed. R. Civ. P. 72(b). "The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Thus, the district court judge reviews those parts of the report and recommendation to which a party has filed a written objection. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

The R&R made detailed findings of the dates Petitioner filed various pleadings in state court raising particular issues (R&R at 2:1–3:7), and Petitioner has not objected to this. The Court therefore **ADOPTS** these findings.

The R&R found the issue Petitioner now raises in his petition was never raised before the California Supreme Court, and that Petitioner himself had admitted he did not seek review of this claim in the California Supreme Court. (R&R at 4:1–5:10; *see also* Pet. at 6 (answering "No" to the question "Did you raise [this claim] in the California Supreme Court?").) In his objections to the R&R, Petitioner discusses the exhaustion issue only very briefly before engaging in an in-depth analysis of the merits. Instead, he asks the Court to excuse the failure to exhaust and stay his federal petition while he seeks to exhaust his state claims. He does not dispute the R&R's conclusion that his petition contains only unexhausted claims.

Petitioner argues he is entitled to a stay while he exhausts his claims, because a fellow inmate misadvised him about the need to raise his claim before the California Supreme Court (Obj. to R&R at 1–2.) However, even if reliance on a fellow inmate's

1  incorrect legal advice could serve as an excuse, the Court could not grant Petitioner's
2  request. Because the petition contains only unexhausted claims, the Court may not hold it
3  in abeyance, but must dismiss it. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).
4  *See also Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (explaining that district court was
5  obliged to dismiss state habeas petition that contained no exhausted claims). None of the
6  conditions that would excuse a failure to exhaust or waive this requirement, *see* 28 U.S.C.
7  § 2254(b) and (c), are met here.

8  The Court therefore does not reach the merits, and Petitioner's objections pertaining
9  to these are **OVERRULED** as moot. The Court **ADOPTS** the R&R, and **DISMISSES** the
10 petition without prejudice for failure to exhaust state remedies.

11 The Court finds reasonable jurists would not find the result debatable or wrong, and
12 therefore **DENIES** a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473,
13 483–84 (2000) (explaining standard for issuance of certificate of appealability).

15 **IT IS SO ORDERED**.
16 DATED: July 20, 2010

18 **HONORABLE LARRY ALAN BURNS**
United States District Judge